## JOHNSON v. CONTINENTAL CASUALTY CO.

## HILBORN v. SAME.

### No. 5115.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

For former opinion, see 164 So. 655.

C. F. Currier and Malcolm W. Feist, both of Shreveport, for appellants.

R. H. Lee, of Benton, and Malcolm E. Lafargue, of Shreveport, for appellee.

DREW, Judge.

In our former opinion we dismissed the contention of defendant that the automobile which was in the accident was hired or leased by the defendant and therefore not covered by the insurance policy, without fully discussing this question: We did so because we considered the contention wholly without merit. Defendant applied for a rehearing on this point alone, and, due to the fact that we had not, in our former opinion, fully discussed it, we granted a rehearing.

To the policy is attached a rider which is headed, "Non-ownership Automobile Liability," in which it provides that the insurer shall be liable for bodily injuries and property damages arising out of accidents resulting from the use of any automobile and/or motorcycle of a private passenger type in the business of assured, except any automobile and/or motorcycle which at the time of the accident is (1) owned in whole or part by the assured; (2) hired or leased by the assured; or (3) registered in the name of the assured. A proper interpretation of the second exception will dispose of this case.

A Mr. Wilson was employed by the Bossier parish unit of the ERA to inspect some 20 projects in Bossier parish. He was paid a salary of $1.50 per day, and required to furnish his own transportation, for which the ERA agreed to allow him 4 cents per mile for each mile the car was used in his work. All men employed on jobs which called for the use of a car were required to furnish their own transportation for the reason that the ERA unit of Bossier parish did not own any cars and it had none leased for its use. It had no control whatsoever over the Wilson car. The officers and other employees could not use his car without his consent. When a thing is leased, the

lessee has complete control of the thing to use as he sees fit. A leased thing, for the term of the lease, is equivalent to a sale with certain restrictions. There is no such element of a lease shown here.

The case before us is similar to that of the average traveling salesman. It is common knowledge that most salesmen are paid a salary by the month, furnish their own cars, and are allowed a certain amount per mile for the use of the car for the purpose of taking care of the expenses, upkeep, and deterioration of it. Certainly, no one would contend that the wholesaler had hired or leased the salesman's car.

Mr. Wilson was hired and required to furnish his own car, and was allowed 4 cents per mile for its use. The 4 cents per mile could be for no purpose other than for the taking care of the upkeep, expenses, and deterioration of his car. Under no strained construction could it be held to be hiring or leasing of the car. There were no terms fixed under which the car could be used. Whenever Wilson was discharged, the use of the car went with him. The ERA could not keep the car and put another driver in it.

At the time of the accident, Mr. Wilson was not driving the car. He wished to have a 2-day leave of absence, and by agreement with those in charge of the Bossier parish unit of the ERA, he secured permission for his brother to take his place, without pay, for two days. The 4 cents per mile was paid for the car during the two days. This is urged by defendant as showing the car was leased. It has no bearing whatever on the question. Mr. Wilson's brother was driving the car not by consent of the ERA, but at the request of Mr. Wilson.

Furthermore, an insurance policy when written is intended to insure something. That is why it is issued and why the premiums are paid. To hold that the Wilson car was not covered by the contract of insurance would be to hold that the policy did not cover anything, and the ERA was paying premiums to the insurance company and receiving nothing in return. Such a situation would be more than absurd. The only cars used in the ERA work were cars owned by the employees and used as was the Wilson car. And it is clear to our minds that this policy of insurance was issued to cover them and nothing else. There was nothing else to be insured, and no doubt this was well known to the agent of the insurer when the policy was issued. The public and the courts will soon become fed up on insurance companies issuing ambiguous policies holding out to the public that the policy covers certain things and, as soon as liability arises thereunder, coming into court and contending that the policy does not cover anything.

We are convinced that the Wilson car is covered by the policy of insurance in effect at the time of the accident, and we therefore reinstate our former opinion and make it the judgment of the court.