692 So.2d 36 (1997)
Rickie DUPRE and Darla Samanie Dupre, individually and on behalf of their minor children, Jason Michael Dupre and Joey Paul Dupre
v.
Jarret MAYNARD, Allstate Insurance Company and Prudential Property and Casualty Insurance Company
No. 96 CA 1183.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
Rehearing Denied May 8, 1997.
*37 Michael J. Samanie, Houma, for Plaintiffs-Appellees.
Kenneth B. Givens, Houma, for Defendants-Appellees Jarret Maynard, et al. and Allstate Ins. Co.
Paul A. Eckert, Metairie, for Defendant-Appellee Prudential Property & Casualty.
Dennis J. Phayer, Metairie, for Intervenor-Appellee Sherwin Williams Co.
Maurice P. Mathieu, Houma, for Defendant-Appellee Charley J. Schrader, Jr.
Gregory J. Schwab, Houma, for Defendant-Appellee State Farm Ins. Co.
Robert B. Butler, III, Houma, for Defendant-Appellee State Farm Fire & Casualty Co.
Denis J. Gaubert, III, Howard L. Murphy, New Orleans, for Defendant-Appellant Insurance Co. of North America.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
The salient issue raised in this appeal is whether uninsured motorists insurance coverage is available to the plaintiff under a liability policy issued to Sherwin-Williams by Insurance Company of North America (INA). For the reasons below, we reverse.
This matter arises from a vehicular accident that occurred on March 24,1993 on U.S. Highway 90 in Houma, Louisiana. Plaintiff, Darla S. Dupre, a manager for Sherwin-Williams, was returning to the store after meeting with two customers. She was driving her own vehicle. A pickup truck, owned and operated by Jarret Maynard, exited a parking lot into the highway's westbound land in front of Mrs. Dupre's car. The two vehicles collided. Mrs. Dupre received medical care at the time of the accident and later underwent a two-level cervical fusion; she also suffered from incontinence and depression.
Dupre and her husband, Rickie Dupre, sued Mr. Maynard; the passenger that was riding with Mr. Maynard; her own insurance company, Prudential Property and Casualty Company; her employer, Sherwin-Williams; and Sherwin-Williams' automobile liability *38 company, INA. The only parties to this appeal are the plaintiffs and INA.
Prior to trial, the plaintiffs filed a motion for summary judgment on the issue of whether Mrs. Dupre was an insured under INA's policy and whether the policy provided $2 million in uninsured motorist coverage. INA and Sherwin-Williams filed a cross-motion for summary judgment on the grounds that Sherwin-Williams was immune from suit under LSA-R.S. 23:1032; that Mrs. Dupre was not an insured under INA's policy; that Sherwin-Williams had rejected UM coverage under INA's policy; and that if UM coverage existed, such coverage was subject to the policy's $2 million "Deductible Endorsement."
The motions were heard by the trial court and judgment was rendered dismissing Sherwin-Williams. The trial judge granted plaintiff's motion, ruling that Mrs. Dupre was an insured under INA's policy, that the rejection of UM coverage was invalid, and the Deductible Endorsement did not apply to UM coverage. INA sought Supervisory Writs from this Court on the issue of coverage. The application was denied, with one vote in favor of granting review. Dupre v. Maynard, 95-2242 (La.App. 1 Cir. 12/1/95). Shortly thereafter, the matter proceeded to trial.
The parties stipulated that Mr. Maynard was 100% at fault for the accident and awarded Mrs. Dupre $943,000.00 in damages specified as follows: $33,000 for past medical expenses; $10,000 for future medical expenses; $150,000 for disability to the body; $100,000 for past physical and mental pain and suffering; $50,000 for future physical and mental pain and suffering; $100,000 for past loss of wages and fringe benefits; and $500,000 for future loss of wages, fringe benefits and/or impairment of earning capacity. Additionally, the jury awarded Mr. Dupre $10,000.00 and awarded each of Mrs. Dupre's sons $15,000.00 for loss of consortium.
On appeal, INA reurges its arguments on coverage and requests this court review its prior ruling related to the trial court's interlocutory judgment on the motions for summary judgment. This court is not precluded from re-evaluation of this identical issue by the earlier denial of the defendant's writ application. Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the "law of the case" foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Easton v. Chevron Indus., Inc., 602 So.2d 1032 (La.App. 4 Cir.), writs denied, 604 So.2d 1315 (La.1992). However, the denial of a writ application creates a different situation. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Sattar v. Aetna Life Ins. Co., 95-1108 (La.App. 4 Cir. 3/20/96), 671 So.2d 550. Further, the principle of "law of the case" is discretionary. It has been held that where a prior disposition is clearly erroneous and will create a grave injustice, it should be reconsidered. Turner v. Pelican, 94-1926 (La.App. 4 Cir. 9/15/95), 661 So.2d 1065, writ denied, 95-2573 (La.12/15/95), 664 So.2d 441.
Appellant contends in its first assignment of error that the trial court erred in finding Mrs. Dupre was an insured under the INA policy. Because we find merit in this assignment of error, we pretermit the other assignments of error raised on appeal.
The trial court based this finding on an endorsement to the policy that is entitled "Who Is An Insured" and provides as follows:
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

*39 (2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.
The trial court ruled that an endorsement titled HIRED AUTOS SPECIFIED AS COVERED AUTOS YOU OWN, CA-9916, was the section of the policy that covered Mrs. Dupre as an insured. This endorsement amends the general provision defining "Who Is An Insured" by adding the following language:
While any covered "auto" described in the Schedule is rented or leased to you and is being used by or for you, its owner or anyone else from whom you rent or lease it is an "insured" but only for that covered "auto". (Emphasis added)
Appellees acknowledge that Mrs. Dupre's vehicle was "borrowed" by Sherwin-Williams; however, they assert that the intent of the "Hired Autos" endorsement was to classify all automobiles which Sherwin-Williams hired, borrowed or leased as a "covered auto." We disagree. From our review of this policy it is clear that the policy makes a distinction between "hire," "borrow," and "lease." If the endorsement was intended to extend to "borrowed" autos, it would have so stated; its silence thereon is clear, albeit, mute, testimony of a lack of intent to include those terms in the endorsement. Although Sherwin-Williams paid Mrs. Dupre a mileage allowance, that did not constitute a lease or rent of the vehicle, it constitutes a reimbursement of expenses. Johnson v. Continental Casualty Co., 167 So. 114 (La.App. 2 Cir.1936). Accordingly, we find that this endorsement does not apply to Mrs. Dupre and she is not an insured under the policy.
Appellees also argue that the endorsement titled "Automatic Coverage Clause" includes Mrs. Dupre as an insured. Again, we disagree. That endorsement, although covering employee owned vehicles, it is limited to delivery vehicles. Mrs. Dupre was a manager for Sherwin-Williams; she was not employed in a delivery position.
For the foregoing reasons, we reverse the judgment of the trial court granting the appellees' motion for summary judgment and denying the appellant's motion for summary judgment on the issue of coverage. We render judgment in favor of INA, granting its motion for summary judgment and against the appellees, denying their motion for summary judgment. Costs are assessed against the appellees.
REVERSED AND RENDERED.