LIFEMARK HOSPITALS OF LOUISIANA, INC. d/b/a KENNER REGIONAL MEDICAL CENTER,
v.
PRO PLUS, L.L.C. consolidated with KEVIN P. COLLINS,
v.
CONSOLIDATED HEALTH PLANS, INC.
Nos. 2009 CA 1723, C/W 2009 CA 1724
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
R. SCOTT RAMSEY, Jr. Morgan City, LA, Counsel for Appellant. Kevin P. Collins.
RICHARD E. McCORMACK, DAVID M. MELANCON, DOUGLAS J. MOORE, KELLY G. JUNEAU, New Orleans, LA, Counsel for Appellees, Consolidated Health Plans, Inc., Jerry Larpenter, former Sheriff of Terrebonne Parish, and L. Vernon Bourgeois, Jr., Sheriff of Terrebonne Parish.
WILLIAM F. DODD Houma, LA MICHAEL R. PHILLIPS, DAVID P. CURTIS New Orleans, LA, Counsel for Appellee Lifemark Hospitals, Inc.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
HUGHES, J.
This is an appeal of a decision of the 32nd Judicial District Court that dismissed via summary judgment the claims of Kevin Collins against defendants, Jerry Larpenter, Vernon Bourgeois, Jr., and Consolidated Health Plans, Inc. (Consolidated). For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
This action originally arose when plaintiff/appellant Kevin Collins, an officer with the Terrebonne Parish Sheriffs Office, was shot in the leg by his friend, Joe Sonier, while off-duty. The bullet shattered Collins' femur, caused severe damage, and necessitated extensive treatment.
As an officer with the Terrebonne Parish Sheriffs Office, Collins was insured by its employee benefit plan. Under that plan, the sheriff serves as claims administrator. After investigation, Sheriff Jerry Larpenter concluded that the policy provisions, specifically Exclusion 43, excluded coverage for the medical expenses related to Collins' treatment due to his intoxication at the time of the shooting. Sheriff Larpenter therefore denied payment of the claim.
Collins filed suit against Sheriff Larpenter (the sheriff at the time of the shooting), Sheriff Bourgeois (the current sheriff), and Consolidated (the third-party administrator of the employee benefit plan) (collectively referred to as defendants), for non-payment of the medical bills stemming from the incident.[1]
Cross-motions for summary judgment were filed regarding the interpretation of Exclusion 43. At the conclusion of a hearing, the trial court denied the motion for summary judgment filed by Collins and granted summary judgment in favor of the defendants. Collins appeals and presents the following as the sole assignment of error:
Whether Exclusion 43 (the "intoxication exclusion") of the Terrebonne Parish Sheriffs Office Employee Benefit Plan for hospitalization and medical coverage of its employees applies under the facts of this case to exclude all coverage to Collins?
Specifically, Collins argues that under Exclusion 43, the defendants must not only show that he was intoxicated, but defendants must show that his intoxication was directly and materially related to the injury.

MOTION FOR SUMMARY JUDGMENT AND INSURANCE POLICY INTERPRETATION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Samaha v. Rau, XXXX-XXXX, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882; Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377; Boudreaux v. Vankerkhove, 2007-2555, p. 5 (La. App. 1 Cir. 8/11/08), 993 So.2d 725,729-30.
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX, p. 1 (La. 6/25/04), 876 So.2d 764, 765.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id., XXXX-XXXX at p. 1, 876 So.2d at 765-66.
On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. LSA-C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSC.C.P. art. 967(B); see Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, XXXX-XXXX, p. 9 (La. App. 1 Cir. 2/8/08), 984 So.2d 72, 79-80; Cressionnie v. Intrepid, Inc., XXXX-XXXX, p. 3 (La. App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
Moreover, interpretation of an insurance policy is usually a legal question that can properly be resolved by means of a motion for summary judgment. Miller v. Superior Shipyard and Fabrication, Inc., 2001-2683, p. 4 (La. App. 1 Cir. 11/8/02), 836 So.2d 200, 203. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion. Reynolds v. Select Properties, Ltd., XXXX-XXXX, p. 2 (La. 4/11/94), 634 So.2d 1180,1183.

THE POLICY
In the instant case, Sheriff Larpenter concluded that Exclusion 43 precluded the policy from providing coverage to Collins for his injuries. Exclusion 43 of the policy specifically provides that no payment will be made for expenses incurred for "injuries caused or contributed to while under the influence of alcohol or narcotics not ordered or taken as ordered by a physician." (Emphasis added.) Collins readily admits that he was under the influence of alcohol when the injury occurred. He argues, however, that it must be shown that his injury was caused or contributed to because of his intoxication. The policy language simply does not require as much. The policy clearly states only that the injury must have occurred (or at least have been contributed to) while he was under the influence of alcohol. Because Collins admits that the shooting occurred while he was intoxicated, we agree that there is no genuine issue of material fact in dispute in this case and we find no error in the trial court's ruling.

CONCLUSION
The judgment of the trial court is affirmed. All costs of this appeal are assessed against Kevin P. Collins.
AFFIRMED.
WELCH, J., CONCURRING.
I respectfully concur in the result, but disagree with the opinion insofar as it interprets the exclusionary clause to exclude coverage for injuries that resulted while the insured is under the influence of alcohol, irrespective of whether the alcohol consumption caused or contributed to the injury. The Plan vests the administrator with discretionary authority to interpret the Plan and determine all questions of eligibility for participation and benefits. It is clear from the record that the Sheriff, as the administrator of the Plan, interpreted the exclusionary clause to require an element of causation. In his affidavit, the Sheriff attested that he found that Collins' actions, while under the influence of alcohol, led directly to the shooting injury and therefore, he concluded that Collins' injures were, in fact, caused or contributed to while he was under the influence of alcohol. Moreover, when questioned during his deposition whether he construed the exclusion to any time an incident occurs to a person who has consumed alcohol, the Sheriff replied, "absolutely not." If the Sheriff had interpreted the exclusion to apply any time an insured is injured while under the influence of alcohol, regardless of whether the alcohol consumption caused or contributed to the insured's injury, I would, utilizing traditional principles of contract law, find the exclusion to be contra bones mores, and therefore, unenforceable to exclude an injury from coverage where the causation element was lacking. However, because the Sherriff interpreted the exclusion to require an element of causation, it is unnecessary for this court to interpret the language of the policy or to make such a determination.[1]
At trial, to succeed on the merits, Collins would be required to demonstrate that the Sheriffs conclusion that his injuries were caused or contributed to by his being under the influence of alcohol was unreasonable, arbitrary, capricious, or an abuse of discretion. After reviewing all of the evidence on the cross-motions for summary judgment, I find that reasonable persons could only conclude that the Sheriffs determination that Collins' alcohol consumption contributed to his shooting injury is a reasonable one, which is not arbitrary, capricious, or an abuse of the Sheriffs discretion in determining coverage under the Plan. Therefore, there is no genuine issue of material fact in dispute in this case as to the propriety of the Sheriffs coverage determination. Accordingly, summary judgment was proper, and I would affirm the judgment of the trial court for the aforementioned reasons.
NOTES
[1] Lifemark Hospitals d/b/a Kenner Regional Medical Center (which provided treatment to Mr. Collins) filed a separate suit against those same defendants for non-payment of medical bills. The cases were consolidated at the district court level. This appeal only addresses the judgment dismissing the claims of Kevin Collins.
[1] Throughout the brief, the Sheriff acknowledges the necessity of a causative connection between the alcohol consumption and the resulting injury for the exclusionary provision to apply so as to deny coverage to Collins.