PETTIGREW, J.
| ^Plaintiff, McLane Southern, Inc. (“McLane”), appeals a summary judgment of the trial court dismissing its claim *888 against defendant, Louisiana Department of Revenue (“Department”), for refund of taxes paid under protest. For the reasons that follow, we reverse and render.
FACTS AND PROCEDURAL HISTORY
According to the record, McLane is a wholesaler of tobacco products whose business facility is located in Mississippi. As part of its business, McLane sells smokeless tobacco products to retail establishments in Louisiana. McLane purchases its smokeless tobacco products from its smokeless tobacco supplier, U.S. Smokeless Tobacco Brands, Inc. (“UST-Sales”), an affiliate of U.S. Smokeless Tobacco Manufacturing Company (“UST-Manufacturing”).[1] UST-Manufacturing sells to UST-Sales the smokeless tobacco products that UST-Sales then sells to McLane. All of these sales occur outside of Louisiana. McLane then sells the smokeless tobacco products to its customers, which are primarily grocery stores and small convenience stores in Louisiana.
On December 14, 2006, McLane filed a petition for refund of tobacco tax paid under protest relative to the smokeless tobacco it had sold in Louisiana in October 2006. According to McLane, on November 17, 2006, it had paid $65,458.24 in Louisiana tobacco taxes allegedly due, $58,236.10 of which had been paid towards smokeless tobacco taxes that were allegedly due. Originally, McLane only challenged the Department’s contention that the 20 percent tax rate for smokeless tobacco products found in La. R.S. 47:841 applied to UST-Sales’ invoice price to McLane rather than UST-Manufacturing’s lower invoice price to UST-Sales. Thereafter, however, McLane amended its petition to assert a claim that it did not owe the tax as assessed by the Department because the only statute that imposes liability upon a taxpayer for payment of taxes imposed pursuant to La. R.S. |s47:841 is La. R.S. 47:854 and this statute does not impose tax liability upon persons who manufacture or purchase smokeless tobacco. In the alternative, McLane argued that to the extent that it is deemed to be responsible for payment of the tax at issue, the correct invoice price upon which the 20 percent tax imposed pursuant to La. R.S. 47:841 should be calculated is that price for which UST-Manufacturing sold the smokeless tobacco products to UST-Sales, not the price for which UST-Sales sold the products to McLane. McLane further maintained that La. R.S. 47:841 violated the Commerce Clause of the United States Constitution as it afforded more favorable taxation to tobacco dealers purchasing products from an in-state distribution chain than it did to tobacco dealers purchasing products from an out-of-state distribution chain.
Following discovery, the parties filed cross motions for summary judgment. McLane argued that it was entitled to judgment in its favor ordering the Department to refund the full amount of the taxes it paid under protest for the month of October 2006, and for each month thereafter, plus interest thereon. The Department argued it was entitled to a judgment finding that (1) McLane was a dealer of smokeless tobacco products and respon *889 sible for the tobacco tax on smokeless tobacco products; (2) the price paid by McLane to purchase the smokeless tobacco products from UST-Sales sets the tobacco tax base; (3) the taxable base being set by the price paid by McLane to purchase the products from UST-Sales is not unconstitutional as being in violation of the Commerce Clause; and (4) McLane is not entitled to a refund of taxes paid under protest.
The motions proceeded to hearing on May 10, 2010, at which time the parties stipulated that there were no facts in dispute and that the issue before the trial court was the correct legal interpretation of the Louisiana tobacco tax statutes. After hearing argument from the parties and considering the applicable law and the evidence in the record, the trial court denied the motion for summary judgment filed by McLane, granted the motion for summary judgment filed by the Department, and dismissed, with prejudice, McLane’s claims against the Department for refund of taxes paid under protest. |4A judgment in accordance with the trial court’s findings was signed on May 27, 2010.[2] This appeal by McLane followed.[3]
ASSIGNMENTS OF ERROR
1. The district court erred as a matter of law in holding that McLane ... is hable for the excise taxes it has paid under protest levied as to smokeless tobacco under [La. R.S.] 47:841(E). The district court imposed the tax on McLane although the Tobacco Tax Statutes ... do not contain an express provision imposing liability upon any taxpayer, including McLane, for payment of this tax.
2. To the extent McLane is deemed to be liable for payment of the tax on smokeless tobacco, the district court erred as a matter of law in concluding that the twenty percent (20%) excise tax levied as to smokeless tobacco under section 841(E), which is applied to the “invoice price” as defined in section 842(12), should be calculated on the price that McLane pays to its tobacco supplier, rather than the lower manufacturer’s net invoice price as invoiced by the manufacturer to McLane’s tobacco supplier. In so holding, the district court read out the term “manufacturer” in the definition of “invoice price” and ignored mandatory rules of statutory *890 construction applicable to taxing statutes including strict construction against the taxing authority and adoption of the construction favorable to the taxpayer where more than one reasonable interpretation exists.
3. The district court erred as a matter of law in adopting the interpretation of the Tobacco Tax Statutes advanced by the Louisiana Department of Revenue as this interpretation renders the Tobacco Tax Statutes unconstitutional under the Dormant Commerce Clause of the United States Constitution on account of their discrimination against out-of-state wholesalers like McLane.
SUMMARY JUDGMENT
Summary judgments are reviewed on appeal de novo. Boudreaux v. Vankerkhove, 2007-2555, p. 5 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 729-730. An appellate court thus asks the same questions as does the trial court in determining | ¡^whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 2002-2482, p. 3 (La.App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, 2003-3439 (La.2/20/04), 866 So.2d 830. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. La.Code Civ. P. art. 967; Robles v. ExxonMobile, 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Bridgefield Cas. Ins. Co. v. J.E.S., Inc., 2009-0725, p. 4 (La.App. 1 Cir. 10/23/09), 29 So.3d 570, 573.
TOBACCO TAX STATUTES
The Louisiana Tobacco Tax Law is found in Sections 841-869 of Title 47 of the Revised Statutes. It has two general purposes: the imposition of a tax upon the sale and distribution of tobacco products, and the regulation of those persons who engage in the sale and distribution of such products so as to insure collection of the tax. Southland Corp. v. Collector of Revenue for Louisiana, 321 So.2d 501, 502 (La.1975).
Louisiana Revised Statutes 47:841 provides for the levy of an excise tax upon the “sale, use, consumption, handling, or distribution” within Louisiana of the various tobacco products listed therein. Pursuant to La. Acts 2000, No. 32 § 1, La. R.S. 47:841 |„was amended to add smokeless tobacco to the list of tobacco products included. The statute provides, in pertinent part, as follows:
There is hereby levied a tax upon the sale, use, consumption, handling, or distribution of all cigars, cigarettes, and smoking and smokeless tobacco, as defined herein, within the state of Louisiana, according to the classification and rates hereinafter set forth:
[[Image here]]
*891 E. Smokeless tobacco. Upon smokeless tobacco, a tax of twenty percent of the invoice price as defined in this Chapter.
The statute that imposes liability for payment of the taxes levied in La. R.S. 47:841 is La. R.S. 47:854, which provides as follows:
It is the intent and purpose of this Chapter to levy an excise tax on all cigars, cigarettes and smoking tobacco, as defined in this Chapter, sold, used, consumed, handled or distributed in this state, except as provided in R.S. 47:855 and to collect same from the dealer who first sells, uses, consumes, handles or distributes the same in the State of Louisiana.
It is further the intent and purpose of this Chapter that where a dealer gives away cigars, cigarettes or smoking tobacco for advertising or any other purpose whatsoever the same shall be taxed in the same manner as if they were sold, used, consumed, handled or distributed in this state. [Emphasis added.]
There is no mention of smokeless tobacco in La. R.S. 47:854. In fact, the only other statute that address smokeless tobacco within the Louisiana Tobacco Tax. Law is La. R.S. 47:842(15), which defines smokeless tobacco as including but not limited to “fine cut, long cut, packed in pouches, snuff, snuff flower, chewing tobacco, ca-vendish, plugs, twists, shorts, refuse and other scraps, clippings and sweepings of tobacco, and other forms of loose tobacco, articles and products made of tobacco, or a tobacco substitute.”[4]
It is a well-established principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language. Cleco Evangeline, LLC v. Louisiana Tax Com’n, 2001-2162, p. 5 (La.4/3/02), 813 So.2d 351, 354. ‘When a law is clear and unambiguous and its 17application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. Civ.Code art. 9. This principle applies to tax statutes. Tarver v. E.I. Du Pont De Nemours and Co., 93-1005, p. 3 (La.3/24/94), 634 So.2d 356, 358.
In brief[5] to this court, McLane argues that “[wjhether by mistake or design, a provision assessing liability upon McLane or any other taxpayer for payment of the smokeless tobacco tax simply does not exist.” Noting that Louisiana courts have consistently applied the strict construction of tax statutes in favor of the taxpayer for a period of over sixty years, McLane continues, “[t]he Department’s arguments, whether based upon a reading of the statutes in pari materia or an inference that the Legislature’s amendment of certain statutes in a group amended all such statutes, necessarily mandate that this Court supply a statutory provision to impose tax liability on McLane.” Thus, McLane asserts, this court must reverse the trial court’s ruling denying McLane’s claim for refund of taxes paid under protest.
*892 In response, the Department argues that when the Legislature enacted the tax on smokeless tobacco in 2000, it knew that a procedure already existed in La. R.S. 47:854 for the collection of tax on sales of tobacco products in Louisiana. The Department asserts that the tobacco tax statutes should be read in pari materia to reconcile any inconsistencies or ambiguities therein. The Department maintains:
Given La. R.S. 47:841 was amended last in 2000 and is the latest expression of legislative will, the Legislature has impliedly expressed an intention that La. R.S. 47:841 is controlling and modified La. R.S. 47:854 to allow for the collection of tax on smokeless tobacco products in the same manner as is prescribed for all other tobacco products under La. R.S. 47:854. When read together, the tax levied in La. R.S. 47:481 is to be collected in the same manner as the tax on all other tobacco products, which McLane has complied with for over eight years.
The Department’s argument is flawed in many respects. A fundamental rule of statutory construction is to give the statute its intended meaning. Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 922 (La.App. 1 Cir.), writ denied, 545 So.2d 1040 (La.1989). More importantly, it is only when there is ambiguity that we are at liberty to engage in statutory interpretation: it is not our function to correct an error in the legislature’s expression of its intent unless that expression is unclear. Id. at 923. In the instant case, there has been no suggestion that any of the statutes in question are ambiguous. Rather, the fact is that when the Legislature amended La. R.S. 47:841 to provide for a tax on smokeless tobacco, it failed to expressly provide for the imposition of the tax in La. R.S. 47:854 by amending said statute accordingly.
Absent evidence to the contrary, the language of the statute itself must clearly and unambiguously express the intent to apply to the property in question. Unless the words imposing the tax are expressly in the statute, the tax cannot be imposed. Cleco Evangeline, LLC, 2001-2162 at 7, 813 So.2d at 355. It is also well-established that tax laws are to be interpreted liberally in favor of taxpayers and that the words defining things to be taxed should not be extended beyond their clear import. Uncertainty in the language of the statute must be resolved against the government and in favor of the taxpayer. Hibernia Nat. Bank in New Orleans v. Louisiana Tax Com’n, 195 La. 43, 54, 196 So. 15, 18 (La.1940).
The function of courts, in construing statutes, is to interpret legislative will, and not to supplement or supply it. Hurt v. Superior Cable Installation, Inc., 99-2982, p. 6 (La.App. 1 Cir. 5/12/00), 762 So.2d 705, 708-709, writ not considered, 2000-1950 (La.9/29/00), 769 So.2d 549 (citing Levy v. New Orleans & N.E.R. Co., 20 So.2d 559, 562 (La.App.1945)).
It would be a dangerous practice indeed for courts to attempt to decide that an ordinance or a statute which by its express wording is limited to a certain thing or subject should be extended to others which, though possibly similar, are not included within the express terms of the statute or ordinance. If there is a necessity that such enactments be amended ... the amendments should come from the municipal authorities or the state legislators. They cannot come from the courts.
Levy, 20 So.2d at 562.
Based on the above applicable law and our appreciation of the Louisiana Tobacco Tax Laws as they now exist, we conclude that it is not our function to correct an *893 error in |nthe Legislature’s expression of its intent. We cannot impose tax liability in the absence of express language that the tax is to be imposed. There is no such language in the tobacco tax laws concerning smokeless tobacco products and it is not our place to supply it. Accordingly, we reverse the trial court’s judgment in favor of the Department, grant the motion for summary judgment filed by McLane, and render judgment in favor of McLane for refund of all smokeless tobacco taxes paid under protest since the filing of its petition in this case.
CONCLUSION
For the above and foregoing reasons, we find the trial court erred in denying McLane’s petition for refund of taxes paid under protest. There is no specific statute imposing liability on McLane for the payment of the tax levied as to smokeless tobacco products. Therefore, the trial court’s judgment below is reversed and judgment is hereby rendered[6] in favor of McLane and against the Department as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Department of Revenue’s Amended Motion for Summary Judgment is denied and McLane Southern, Inc.’s Motion for Summary Judgment is granted.
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that McLane Southern, Inc. is entitled to a refund of the taxes in the amount of $58,236.10 initially paid under protest for the month of October 2006 by McLane Southern, Inc., as well as the cumulative amount representing the smokeless tobacco tax paid under protest to the Department of Revenue for each month thereafter pursuant to an Agreement to Abide entered into with the Department of Revenue on January 16, 2007, along with interest thereon from the date of payment under protest at the rate provided for by law.
Appeal costs in the amount of $2,708.23 are assessed against the Louisiana Department of Revenue.
REVERSED AND RENDERED; MOTION TO SUPPLEMENT DENIED.

. McLane also purchases smokeless tobacco products from Conwood Sales Company, LLC, which acquires the tobacco products it sells to McLane from an affiliated manufacturer, Conwood Company, LLC. The relationship and transactions among Conwood Sales Company, LLC, Conwood Company LLC, and McLane, for purposes of this appeal, are identical to those among UST-Sales, UST-Manufacturing, and McLane. Therefore, all references herein to UST-Sales include Conwood Sales Company, LLC, and all references to UST-Manufacturing include Conwood Company, LLC.

. We note that on November 15, 2010, this matter was remanded to the trial court for the limited purpose of having the trial court sign a valid final judgment with appropriate decre-tal language as required by La.Code Civ. P. art. 1918. The record was subsequently supplemented with the trial court’s December 7, 2010 judgment that is before us now for review.

. We note that McLane was granted an appeal from the trial court's judgment denying its motion for summary judgment while granting the Department’s cross motion for summary judgment. The denial of a motion for summary judgment is an interlocutory judgment and is not appealable absent a showing of irreparable injury. Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C., 2006-0992, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940; La.Code Civ. P. arts. 968 and 2083(C). Therefore, the trial court's certification that the December 7, 2010 judgment was final and appealable was ineffectual regarding the denial of McLane's motion for summary judgment. Miller v. Superior Shipyard and Fabrication, Inc., 2001-2683, p. 4 n. 4 (La.App. 1 Cir. 11/8/02), 836 So.2d 200, 203 n. 4; Belanger v. Gabriel Chemicals, Inc., 2000-0747, p. 5 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, 563, writ denied, 2001-2289 (La. 11/16/01), 802 So.2d 612. Nevertheless, the issues are the same in both motions, so our review of the trial court’s granting of summary judgment in favor of the Department will also constitute a review of the trial court's denial of McLane’s motion. Miller, 2001-2683 at 4 n. 4, 836 So.2d at 203 n. 4.

. We note this statute was enacted by La. Acts 2000, No. 32 § 1, the same legislative action that amended La. R.S. 47:841 to provide for the taxation of smokeless tobacco products. Yet the Legislature chose not to take any action at that time to amend La. R.S. 47:854 to provide for the imposition of the tax.

. Subsequent to filing the instant appeal, McLane filed a motion to supplement its original brief with a copy of an unpublished opinion that had been cited to in said brief. We have considered the motion and conclude that it is unnecessary to our analysis of this appeal to have the unpublished opinion that McLane references in the motion. Accordingly, the motion is hereby denied.

. By reversing the trial court’s judgment and rendering judgment in favor of McLane, the remaining issues raised on appeal by McLane are rendered moot. Nonetheless, based on the statutory definition of "invoice price” found in La. R.S. 47:842(12), we do note serious concerns as to the Department’s interpretation of the term "invoice price” and how it was applied in the instant case.