WHIPPLE, J.
 

 |2This matter is before us on appeal by defendants, Canal Indemnity Company (“Canal Indemnity”) and Top Hatch, Inc. (“Top Hatch”), from a judgment of the trial court granting summary judgment in favor of Mississippi Farm Bureau Casualty Company (“Mississippi Farm Bureau”) and dismissing all claims against Mississippi Farm Bureau with prejudice. For the following reasons, we reverse and remand for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 On November 16, 2006, plaintiff, Laurie Ann Sensebe, who was operating a 2006 Ford Escape, was traveling westbound on the 1-10 “twin span” in St. Tammany Parish when her vehicle was rear-ended by a 2006 Dodge Ram 3500 truck, owned by Gregory Hyneman, but being operated by Deborah Boudreaux, in the course and scope of Boudreaux’s employment as a driver with Top Hatch.
 
 [1]
 

 On the day of the accident, Boudreaux had traveled in a company vehicle from Top Hatch’s office in Metairie, Louisiana, to the Dub Herring Ford Dealership in Picayune, Mississippi, to pick up Hyne-man’s vehicle and drive it back to Top Hatch, where the truck was scheduled to have leather upholstery installed. As a driver for Top Hatch, Boudreaux routinely travelled to dealerships to pick up and transport vehicles to Top Hatch for the installation of leather upholstery or sunroofs, and then drove back to the dealership after completion of the service/repair. Thus, Top Hatch provided Boudreaux with a company vehicle to travel to and from the dealerships and also provided a cell phone.
 

 At the time of the accident, Canal Indemnity provided a garage operations policy to Top Hatch, and Mississippi Farm Bureau provided an automobile liability
 
 *1124
 
 policy to Gregory Hyneman for the Dodge truck.
 

 |sAs a result of the accident, plaintiff filed a suit for damages naming as defendants Top Hatch, Canal Indemnity, Mississippi Farm Bureau, and Deborah Bou-dreaux. By amending petitions, Dub Herring Ford and plaintiffs UM carrier, State Farm Mutual Automobile Insurance Company, were also named as defendants. On October 16, 2008, Canal Indemnity and Top Hatch filed a motion for summary judgment, contending that Canal’s policy only provided excess coverage after the limits in Mississippi Farm Bureau’s policy were exhausted. On January 21, 2009, Mississippi Farm Bureau filed a motion for summary judgment, contending that the automobile business exclusion in its policy precluded coverage for the accident herein. The matters were heard by the trial court on April 1, 2009, after which the court denied the motion for summary judgment filed by Canal Indemnity and Top Hatch, and granted summary judgment in favor of Mississippi Farm Bureau, dismissing all demands against Mississippi Farm Bureau with prejudice. A written judgment was signed on April 15, 2009.
 

 Canal Indemnity and Top Hatch then filed the instant appeal, contending that the trial court erred in granting summary judgment where: (1) the Louisiana Supreme Court has held that business use exclusions violate public policy; (2) the activities of Top Hatch do not fall within the “automobile business” definition in the policy so as to exclude coverage; and (8) the Canal Indemnity policy is excess over any other collectible insurance.
 

 DISCUSSION
 

 A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute.
 
 Sanders v. Ashland Oil, Inc.,
 
 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034,
 
 writ denied,
 
 97-1911 (La.10/31/97), 703 So.2d 29. It should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
 

 The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and is now favored. LSA-C.C.P. art. 966(A)(2). The initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSAC.C.P. arts. 966 and 967;
 
 Berzas v. OXY USA, Inc.,
 
 29,835 (La.App. 2nd Cir.9/24/97), 699 So.2d 1149, 1153-1154.
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Bezel v. Original Library Joe’s, Inc.,
 
 2001-1586, 2001-1587 (La.App. 1st Cir.11/08/02), 838 So.2d 796, 800. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Rambo v. Walker,
 
 97-2371 (La.App. 1st Cir.11/6/98), 722 So.2d 86, 88,
 
 writ denied,
 
 98-3030
 
 *1125
 
 (La.1/29/99), 736 So.2d 840. An insurer seeking to avoid coverage through summary judgment must prove some exclusion applies to preclude coverage.
 
 Henly v. Phillips Abita Lumber Company,
 
 2006-1856 (La.App. 1st Cir.10/3/07), 971 So.2d 1104, 1108.
 

 | .¡Applicability of the “Business Use” Exclusion (Assignment of Error Number Two)
 

 Because a finding by this court that the automobile business use exclusion does not apply herein, as asserted in assignment of error number two, would negate the need to address or decide whether such an exclusion violates public policy, as asserted in assignment of error number one, we elect to address Canal Indemnity and Top Hatch’s second assignment of error initially. In the second assignment of error, Canal Indemnity and Top Hatch contend that the exclusion in the Mississippi Farm Bureau policy is inapplicable and cannot serve to preclude coverage, because the activities conducted by Top Hatch do not constitute or fall within the policy’s definition of an excluded “automobile business.”
 

 The pertinent exclusionary language in Mississippi Farm Bureau’s policy provides, under the definition of an “insured,” that “[t]he insurance with respect to any person or organization other than the named insured or spouse does not apply ... to any person or organization, or to any agent or employee thereof, operating an automobile business, with respect to any accident arising out of the operation thereof.” An “automobile business” is further defined in the policy as “an automobile sales agency, repair shop, service station, storage garage or public parking place.”
 

 An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles.
 
 Smith v. Matthews,
 
 611 So.2d 1377, 1379 (La.1993). If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written, LSA-C.C. art. 2046;
 
 Dunn v. Potomac Insurance Company of Illinois,
 
 94-2202 (La.App. 1st Cir.6/23/95), 657 So.2d 660, 663, and the court should not strain to find ambiguity where none exists.
 
 Strickland v. State Farm Insurance Companies,
 
 607 So.2d 769, 772 (La.App. 1st Cir.1992). However, if there is any doubt or ambiguity as to the (¡meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer.
 
 See
 
 LSA-C.C. art. 2056. When the ambiguity relates to an exclusionary clause, the law requires that the contract be interpreted liberally in favor of coverage.
 
 Borden, Inc. v. Howard Trucking Company, Inc.,
 
 454 So.2d 1081, 1090 (La.1983). Whether a contract is ambiguous is a question of law.
 
 Strickland,
 
 607 So.2d at 772.
 

 An insurer has the burden of proving that a loss falls within a policy exclusion.
 
 Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London,
 
 616 So.2d 1250, 1252 (La.1993). Additionally, in determining whether an exclusion applies to preclude coverage, courts are guided by the well-recognized rule that an exclusionary clause in an insurance policy must be strictly construed.
 
 Calogero v. Safeway Insurance Company of Louisiana,
 
 99-1625 (La.1/19/00), 753 So.2d 170, 173. Nonetheless, an insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.
 
 North American Treatment Systems, Inc. v. Scottsdale Insurance Compa
 
 
 *1126
 

 ny,
 
 2005-0081 (La.App. 1st Cir.8/23/06), 943 So.2d 429, 443,
 
 writs denied,
 
 2006-2918, 2006-2803 (La.2/16/07), 949 So.2d 423, 424.
 

 In the instant case, Mississippi Farm Bureau had the burden of proving that the accident at issue herein arose from the operation of an “automobile business” in order to exclude coverage under the policy. In response to the appeal, and the appellants’ contention that the exclusion does not apply herein, Mississippi Farm Bureau argues that Top Hatch candidly acknowledged in its answers to interrogatories that it “installs leather interiors and performs repairs to sunroofs.” Thus, Mississippi Farm Bureau contends, because Top Hatch performs “repairs” or “services” to automobile leather upholstery and sun roofs, Top Hatch qualifies 17as an automobile “repair shop” or “service station,” and, consequently, is an excluded “automobile business” under the terms of the policy. Mississippi Farm Bureau further argues that the arguments of Canal Indemnity and Top Hatch must fall because the appellants have erroneously focused on the purpose of the particular job,
 
 ie.,
 
 having leather upholstery installed for purely aesthetic reasons, rather than the nature of Top Hatch’s business as a whole, in determining whether the exclusion applies. Mississippi Farm Bureau argues that it does not matter why the vehicle was being transported at the time of the accident, only that the accident arose from the operation of Top Hatch’s automobile repair business.
 

 We disagree. The application of the business use exclusion depends upon the purpose of the activity at the time of the accident.
 
 Stills v. Mims,
 
 42,799 (La.App. 2nd Cir.12/5/07), 973 So.2d 118, 123. The undisputed facts show that the accident occurred while the vehicle was being driven to Top Hatch’s office. Further, at the time of the accident, the vehicle was being transported to Top Hatch by its employee solely for the purpose of installing leather upholstery. On review, we find that the installation of leather upholstery is an after-market upgrade and not an automobile repair or service as reasonably contemplated by these terms. Accordingly, after strictly construing the policy exclusion, as we must, we find that Top Hatch’s business of installing leather seat upgrades did not render Top Hatch an “automobile repair shop” or “automobile service station” so as to invoke application of the policy’s “automobile business” exclusion. Thus, the trial court erred in finding otherwise and in granting summary judgment in favor of Mississippi Farm Bureau.
 

 Because we find that the activities being conducted by Top Hatch at the time of the accident do not strictly fall with the automobile business exclusion in Mississippi Farm Bureau’s policy, we pretermit discussion of Canal Indemnity and Top Hatch’s first assignment of error.
 

 | ^Coverage (Assignment of Error Number Three)
 

 In its final assignment of error, Canal Indemnity and Top Hatch argue that coverage under the Canal Indemnity policy is “excess” and only provides coverage for the subject accident after the Mississippi Farm Bureau policy limits of $100,000.00 are exhausted. This same argument was asserted in their motion for summary judgment, which was denied by the trial court in the same judgment that granted Mississippi Farm Bureau’s motion for summary judgment, which judgment was designated as final pursuant to LSA-C.C.P. art. 1915(B)(1).
 

 Given the trial court’s grant of summary judgment in favor of Mississippi Farm Bureau, the trial court did not determine the issue of the amount and extent of any
 
 *1127
 
 coverage afforded under the Mississippi Farm Bureau policy. Moreover, Canal Indemnity and Top Hatch did not seek review of the denial of their motion for summary judgment, which is an interlocutory judgment and is generally not appealable.
 
 See
 
 LSA-C.C.P. art. 968;
 
 Triche v. Martin,
 
 2008-1220 (La.App. 1st Cir.5/8/09), 13 So.3d 649, 653, n. 6,
 
 writ denied,
 
 2009-1284 (La.9/25/09), 18 So.3d 76;
 
 Young v. City of Plaquemine,
 
 2004-2305 (La.App. 1st Cir.11/4/05), 927 So.2d 408, 410-411. Thus, although LSA-C.C.P. art. 1915(B) allows a trial court to designate a partial summary judgment as a final judgment, the trial court’s certification that the judgment was final and appealable was ineffectual regarding these issues now asserted by Canal Indemnity and Top Hatch.
 
 See Miller v. Superior Shipyard and Fabrication, Inc.,
 
 2001-2683 (La.App. 1st Cir.11/8/02), 836 So.2d 200, 203, n. 4.
 

 Accordingly, the record procedurally presents nothing for our review on this issue and we decline to address it in the instant appeal.
 

 ^CONCLUSION
 

 Based on the above and foregoing reasons, the April 15, 2009 judgment of the trial court granting summary judgment in favor of Mississippi Farm Bureau is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed against the appellee, Mississippi Farm Bureau Casualty Insurance Company.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . According to Top Hatch's answers to interrogatories, Top Hatch installs leather interiors and performs repairs to sun roofs.