GUIDRY, J.
 

 [2A bar patron appeals a summary judgment rendered in favor of the bar’s liability insurer. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On or about March 23, 2008, Daniel Fou-quet was stabbed several times by Bryce Hemstad, while a patron at a bar called Daiquiris & Creams, in Mandeville, Louisiana. As a result of the incident, Mr. Fou-quet filed a petition for damages against Mr. Hemstad, Daiquiris & Creams of Mandeville, L.L.C. (“Daiquiris & Creams”), and their respective liability insurers. Colony Insurance Company (“Colony”) intervened in the action to assert that it had issued a commercial general liability (CGL) policy to . Daiquiris &
 
 *46
 
 Creams that was in effect on the date of the incident sued upon. In conjunction with its intervention, Colony also filed a motion for summary judgment, asserting that based on certain exclusions in the CGL policy issued to Daiquiris & Creams, there was no coverage under the policy for Mr. Fouquet’s claims; therefore, it was not liable. Thereafter, Mr. Fouquet amended his petition to add Colony as a defendant in its capacity as the liability insurer of Daiquiris & Creams and to assert additional allegations of negligence against Daiquiris & Creams.
 

 Following a hearing on Colony’s motion for summary judgment, the trial court granted the motion and dismissed Colony from Mr. Fouquet’s suit by a judgment signed April 16, 2009. Mr. Fouquet devol-utively appeals that judgment.
 

 ASSIGNMENTS OF ERROR
 

 In his brief on appeal, Mr. Fouquet submits the following assignments of error:
 

 I. The Trial Court erred in not following ... the “Eight-Corners Rule” and not strictly construing the Policy against Colony.
 

 II. The Trial Court erred in granting Colony’s motion for summary judgment because not all of Mr. Fou-quet’s claims in the Petition Rare beyond the scope of coverage provided by the Policy.
 

 SUMMARY JUDGMENT
 

 On appeal, summary judgments are reviewed
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 Lieux v. Mitchell,
 
 06-0382, p. 9 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314,
 
 writ denied,
 
 07-0905 (La.6/15/07), 958 So.2d 1199. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B);
 
 Independent Fire insurance Company v. Sunbeam Corporation,
 
 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230-231.
 

 When the issue before the court on the motion for summary judgment is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing there is no genuine issue of material fact remains with the party bring the motion.
 
 See
 
 La. C.C.P. art. 966(C)(2);
 
 Buck’s Run Enterprises, Inc. v. Mapp Construction, Inc.,
 
 99-3054, p. 4 (La.App. 1st Cir.2/16/01), 808 So.2d 428, 431. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some exclusion applies to preclude coverage.
 
 Lewis v. Jabbar,
 
 08-1051, p. 5 (La.App. 1st Cir.1/12/09), 5 So.3d 250, 254-55.
 

 A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.
 
 Smith v. Our Lady of the Lake Hospital Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Charlet v. Legislature of the State of Louisiana,
 
 97-0212, p. 7 (La.App. 1st Cir.6/29/98), 713 So.2d 1199, 1203,
 
 writs denied,
 
 98-2023, 98-2026 (La.11/13/98), 730 So.2d 934.
 

 Moreover, interpretation of an insurance policy is usually a legal question
 
 *47
 
 that can properly be resolved by means of a motion for summary judgment.
 
 Miller v. Superior Shipyard and Fabrication, Inc.,
 
 01-2683, p. 4 (La.App. 1st Cir.11/8/02), 836 So.2d 200, 203. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded when applied to the undisputed material facts shown by the evidence supporting the motion.
 
 Reynolds v. Select Properties, Ltd.,
 
 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1183.
 

 INSURANCE COVERAGE
 

 An insurance policy is a contract between the parties and should be construed using the general rules of contractual interpretation. If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent, and the agreement must be enforced as written. La. C.C. art. 2046;
 
 Davenport v. Prudential Property & Casualty Insurance Co.,
 
 03-2593, pp. 3-4 (La.App. 1st Cir.10/29/04), 897 So.2d 98, 101,
 
 writ denied,
 
 04-2900 (La.2/4/05), 893 So.2d 882. Unless the words of the policy have acquired a technical meaning, they are to be construed using their plain, ordinary, and generally prevailing meaning.
 
 See
 
 La. C.C. art. 2047;
 
 Bennett v. Ragon,
 
 04-0706, p. 6 (La.App. 1st Cir.3/24/05), 907 So.2d 116, 120.
 

 Moreover, as observed by this court in
 
 Sensebe v. Canal Indemnity Company,
 
 09-1325, p. 6 (La.App. 1st Cir.2/24/10), 35 So.3d 1122, 1125-26,
 
 writ granted,
 
 10-0703 (La.6/25/10), 38 So.3d 358 (citations omitted):
 

 An insurer has the burden of proving that a loss falls within a policy exclusion. Additionally, in determining whether an exclusion applies to preclude coverage, courts are guided by the well-recognized | ¿rule that an exclusionary clause in an insurance policy must be strictly construed. Nonetheless, an insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.
 

 DISCUSSION
 

 In this appeal, Mr. Fouquet basically objects to the trial court’s determination that two exclusions in the CGL policy Colony issued to Daiquiris & Creams completely bar coverage for his claims. The two exclusions provide, in pertinent part:
 

 ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION
 

 This endorsement modifies insurance provided under the following:
 

 COMMERCIAL GENERAL LIABILITY COVERAGE PART
 

 A. SECTION 1—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions ... [is] amended and the following added:
 

 Assault, Battery or Assault and Battery
 

 This insurance does not apply to damages or expenses due to “bodily injury”, “property damage” ... arising out of or resulting from:
 

 (1) “Assault”, “Battery” or “Assault and Battery” committed by any person;
 

 (2) The failure to suppress or prevent “Assault”, “Battery” or “Assault and Battery” by any person;
 

 (3) The failure to provide an environment safe from “Assault”, “Battery” or “Assault and Battery”;
 

 (4) The failure to warn of the dangers of the environment which could con
 
 *48
 
 tribute to “Assault”, “Battery” or “Assault and Battery”;
 

 (5) “Assault”, “Battery” or “Assault and Battery” arising out of the negligent hiring, supervision, or training of any person;
 

 (6) The use of any force to protect persons or property whether or not the “bodily injury” or “property damage” or “personal and advertising injury” was intended from the standpoint of the insured or committed by or at the direction of the insured.
 

 B. SECTION V — DEFINITIONS is amended and the following is added:
 

 | fi“ Assault” means:
 

 a. an act creating an apprehension in another of immediate harmful or offensive contact, or
 

 b. an attempt to commit a “Battery”.
 

 “Battery” means an act which brings about harmful or offensive contact to another or anything connected to another.
 

 “Assault and Battery” means the combination of “Assault” and a “Battery”.
 

 WEAPONS EXCLUSION
 

 This endorsement modifies- insurance provided under the following:
 

 COMMERCIAL GENERAL LIABILITY COVERAGE PART
 

 SECTION I — COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY,
 

 2. Exclusions is amended and the following added:
 

 Use of Weapons
 

 This insurance does not apply to “bodily injury”, “property damage” or “personal and advertising injury” arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person.
 

 Mr. Fouquet acknowledges that the aforementioned exclusions do bar coverage for some of the acts of negligence that he alleges Daiquiris & Creams committed; nevertheless, he contends that the exclusions do not apply to bar coverage for the following acts of negligence alleged:
 

 1) Failure to prevent/control the number of repeated criminal incidents at its business;
 

 2) Failure to act as a reasonable and/or prudent person would under the same or similar circumstances, with similar professional responsibility;
 

 3) Failure to assist Plaintiff;
 

 4) Failure to render first aid; and
 

 5) Failure to seek assistance, such as by calling emergency services.
 

 We find the plaintiffs argument to be misdirected, due to the fact that he reads the exclusionary language too narrowly and focuses solely on the negligence precluded. He fails to recognize that the exclusions bar coverage based not just on |7the type of negligence asserted, but more specifically, they deny coverage.for “bodily injury” stemming from the specified types of negligence.
 

 In its motion for summary judgment, Colony asserted that “it cannot be held liable as a matter of law under the undisputed facts of the case for the injuries allegedly sustained by plaintiff.” Both the assault and battery and weapons exclusions provide “[t]his insurance does not apply to ... ‘bodily injur/, ‘property damage’ ... arising out of or resulting from” as prefatory language. All the evidence submitted and facts alleged by the plaintiff regarding the injuries he sustained relate to and are a direct result of the battery committed by Mr. Hemstad. Mr. Fouquet did not present any evidence or allege any facts to establish he sustained any separate injuries as a result of the alleged acts of negligence specified above. Hence, as the only “bodily injuries” alleged are those
 
 *49
 
 stemming from the actual stabbing, those injuries clearly fall within the ambit of both the assault and battery and weapons exclusions. In the absence of some allegations and evidence to establish that Mr. Fouquet was additionally damaged or injured as a result of the specifically identified alleged acts of negligence enumerated above, the assault and battery and weapons exclusions bar coverage for the bodily injuries claimed by Mr. Fouquet.
 

 CONCLUSION
 

 For the reasons stated, the summary judgment rendered in favor of Colony Insurance Company is affirmed. All costs of this appeal are cast to the plaintiff, Daniel Fouquet.
 

 AFFIRMED.