## 2016-1853 (La. 11/18/16)

### Brandon M. DONAHUE

v.

### Sarah Ann DONAHUE

### NO. 2016–CJ–1853

Supreme Court of Louisiana.

11/18/2016

## PER CURIAM

The plain language of La. R.S. 13:4209(B)(2) provides, "[i]f a prior judge has stated an affirmative intent to sign a judgment and failed to do so **for whatever reason**, the successor judge is empowered to sign the judgment." [emphasis added]. In the instant case, Judge Amacker, through her oral reasons, clearly manifested an affirmative intent to sign a judgment in favor of relator. Therefore, Judge Devereux, in her capacity as successor judge, is empowered to sign the judgment. Any other result would be contrary to the statutory intent as well as the interests of judicial economy.

Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside. The district court's Febru-

ary 12, 2016 judgment is reinstated, and the case is remanded to the court of appeal for consideration of the appeal on the merits.

CRICHTON, J., additionally concurs and assigns reasons.

CRICHTON, J., additionally concurs and assigns reasons.

I agree with the per curiam and write separately to express concern over the actions of attorney Richard Ducote in this matter—which, in my view, has caused a significant disturbance, if not near hijacking, of the proceedings.

Following a prolonged hearing on the issue of permanent custody, the trial judge rendered a bench ruling, assigning detailed and extensive reasons, and ordering counsel to submit a formal judgment in accordance therewith. Before the judgment could be prepared and submitted, Mrs. Donahue's counsel withdrew and Mr. Ducote enrolled with an immediate recusal motion, apparently based on a history of animosity between Mr. Ducote and the trial judge, which resulted in an order of self-recusal. Thereafter, the case was reallotted to the other judge of the family division who, after reviewing the proceedings, signed a judgment in accordance with the previous bench ruling.

New counsel for Mrs. Ducote lodged an appeal ultimately requesting, among other things, a new trial. Finding that the second judge was not the "successor" as set forth by La. R.S. 13:4209, the appellate court vacated the judgment and remanded. A writ was thereafter filed by Mr. Donahue to this Court asserting that the maneuvers by Mr. Ducote were not made in good faith and were orchestrated to secure a recusal of the judge who had ruled adversely to his client and ultimately to gain a new trial.

In my view, attorney Richard Ducote's actions in this case are inconsistent with our Professionalism Guidelines and the efficient administration of our court system. See La. Sup. Ct. Rules, Part G, § 11. See also La. Rules of Prof. Conduct R. 8.3(d) ("It is professional misconduct for a lawyer to [e]ngage in conduct that is prejudicial to the administration of justice."); *Disaster Restoration Dry Cleaning, LLC v. Pellerin Laundry Mach. Sales Co.*, 05-0715 (La. 4/17/06), 927 So.2d 1094 (noting that the right to engage an attorney of the party's choice must be balanced with "society's right to maintain the highest ethical standards of professional responsibility, as well as judicial integrity"). While the per curiam corrects the legal derailment, which has cost considerable time and resources, we are left with ethical and professionalism questions which warrant further serious examination.[1]

2016-1937 (La. 11/18/16)

---

1. *See also Henry v. Sullivan,* 16–CJ–1867.