CHUTZ, J.
Plaintiff-appellant, Ronnie Janies Prejean, appeals the trial court's grant of summary judgment and the dismissal of his claims against defendant-appellee, Western World Insurance Company (Western World), which provided a commercial lines policy to defendant-appellee, Garden of Eden LLC (GOE), based on a finding that the policy did not provide coverage. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Prejean instituted this lawsuit averring that on October 11, 2012, he had been working as an independent contractor tree surgeon for, or alternatively, an under-the-table cash employee of, Corey's Garden of Eden Services, LLC, GOE, Garden of Eden Services, LLC, and/or its owner Corey McMillan on a job that involved trimming a tree on residential property in Clinton, Louisiana. During operations to remove the tree, Prejean sustained injuries.[2] GOE, McMillan, and Western World were among those named as defendants.
Western World answered the lawsuit and then filed a motion for summary judgment.[3] After a hearing, in a judgment signed on November 6, 2017, the trial court granted summary judgment, concluding that Western World's policy excluded coverage for Prejean's claims, and dismissed the insurer from the lawsuit.[4]
*578 Following the denial of his motion for new trial, Prejean devolutively appealed.[5]
DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Guste v. Lirette , 2017-1248 (La. App. 1st Cir. 6/4/18), 251 So.3d 1126, 1129.
Interpretation of an insurance policy usually involves a legal question that can be resolved properly in the framework of a motion for summary judgment. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Green v. Johnson , 2016-1525 (La. App. 1st Cir. 1/10/18), 241 So.3d 1188, 1191-92.
The purpose of liability insurance is to afford the insured protection from damage claims; therefore, policies should be construed to effect, not to deny, coverage. Thus, a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer, and, if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Hinchcliffe v. Siaotong, 2017-1356 (La. App. 1st Cir. 4/18/18), --- So.3d ----, writ denied, 2018-1113 (La. 10/15/18), 253 So.3d 1304.
Nevertheless, an insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy *579 obligations the insurer contractually assumes. Green, 241 So.3d at 1192.
In its motion for summary judgment, Western World asserted that whether Prejean is considered an employee, an independent contractor, or a temporary worker, coverage is excluded for his claims under the plain language of the policy.[6] According to the salient provisions of the Western World policy:
SECTION I- COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....
2. Exclusions
This insurance does not apply to....
e. Employer's Liability
"Bodily injury" to:
(1) An "employee" of the insured arising out of and in the course of:
(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured's business....
COVERAGE C MEDICAL PAYMENTS
1. Insuring Agreement
a. We will pay medical expenses as described below for "bodily injury" caused by accident....
2. Exclusions
We will not pay expenses for "bodily injury":
a. Any Insured
To any insured except a volunteer worker.
b. Hired Person
To a person hired to do work for or on behalf of any insured ....
g. Coverage A Exclusions
Excluded under Coverage A.
In addition, the policy includes the following endorsements:
INDEPENDENT CONTRACTORS EXCLUSION
This insurance does not apply to any claim arising out of operations of any independent contractor or to any act or omission of any insured in the general supervision of such operations.
EXCLUSION--INJURY TO CONTRACTORS OR SUBCONTRACTORS AND THEIR WORKERS
This insurance does not apply to any claim arising from injury to any contractor or subcontractor hired by or through any insured or to any claim arising from injury to any "employee" or "temporary worker" of any contractor or subcontractor who was hired by any insured.
The contractor or subcontractor will be considered to be hired by or through any insured if the contractor or subcontractor was hired directly by any insured or was hired by another contractor or subcontractor who was hired by any insured.
STANDARD PROVISIONS ENDORSEMENT
*580 This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART....
5. TEMPORARY WORKER BODILY INJURY EXCLUSION ...
This insurance does not apply to any claim arising from:
1. "Bodily injury" to any "temporary worker."
In Section V, the policy sets forth definitions. An "[e]mployee" does not include a "temporary worker," which "means a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."
Despite the allegations set forth in his petition and the policy provisions limiting coverage available to independent contractors and employees, which ostensibly include under-the-table cash employees, Prejean maintains the policy affords coverage for his claims. He points to Coverage C, providing for medical payments, and focuses on the exclusions of medical payments to "Hired Person" set forth in subsection b as well as those excluded under Coverage A in subsection g. Suggesting that the showing made for purposes of summary judgment demonstrates that he is a person who was hired to work for or on behalf of GOE (the named insured under the policy), Prejean reasons that since Coverage A, providing for bodily injury liability, does not expressly exclude him as a hired person, the Western World policy affords coverage for his bodily injury claims. Thus, Prejean asks this court to interpret the policy to find that "Hired Person" is a separate and distinct category from other types of persons who work for or on behalf of any insured.
Mindful that it is only when two or more reasonable interpretations exist that the interpretation which favors coverage must be applied, we find Prejean's interpretation is a strained attempt to enlarge the policy provisions beyond that reasonably contemplated by its terms. Specifically, the language set forth excluding "Hired Person" clearly constitutes a general reference to all the types of "person[s] hired to do work for or on behalf of any insured." This is underscored by the location of the term "Hired Person" in bold and as a title under Subsection 2 containing the "Exclusions" to Coverage C Medical Payments.
A review of the policy shows that the only persons hired to work for or on behalf of any insured to which Coverage A applies are employees under the "Employer's Liability" exclusion set forth in Section 1.2.e of the Commercial General Liability Coverage. All the other types of persons that can be hired to do work for or on behalf of any insured are not excluded under Coverage A but rather specifically excluded by endorsements, i.e., independent contractors, contractors or subcontractors and their workers, and temporary workers.
Because Prejean has not pointed out how "a person hired to do work for or on behalf of any insured" could mean any person other than an employee, an independent contractor, a contractor, a subcontractor, the workers of a contractor, the workers of a subcontractor, or a temporary worker, we conclude the Western World policy is clear and unambiguous and, therefore, must be enforced in accordance with its terms. Since a finding that Prejean is a hired person does not terminate the inquiry as to whether he is afforded coverage for his claims under the Western World policy, we examine each category of hired person for which evidence *581 has been submitted.[7]
According to the policy terms, under the exclusion of Coverage A for "Employer's Liability," Western World's insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of either employment by the insured or the performance of duties related to the conduct of the insured's business. Therefore, insofar as a finding by the trier of fact that Prejean was an employee of GOE at the time of the accident, Prejean's claims are excluded under the Employer's Liability exclusion since it is undisputed that he was "[p]erforming duties related to the conduct of [GOE's] business." Thus, in a capacity as an employee of GOE, Prejean is not afforded coverage under Section I, Coverage A, Exclusion e.(1)(b) of the Western World policy.
To the extent that a trier of fact would find that Prejean was an employee of McMillan, individually, the Western World policy likewise does not afford coverage under Section I, Coverage A, Exclusion e.(1)(b) of the Western World policy for Prejean's allegations of liability. Prejean asserts that because under the terms of the Employer Liability exclusion of Coverage A, i.e., to bodily injury to an employee of the insured, since McMillan is "an insured" rather than "the insured," the exclusion is inapplicable. But the policy states, "[t]he word 'insured' means any person or organization qualifying as such under Section II - Who Is An Insured." The insurance agreement also provides that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy." (Emphasis added.) According to "Section II - Who Is An Insured," if the named insured shown in the declarations is a limited liability company, "you are an insured. Your members are also insureds, but only with respect to the conduct of your business."
Here, it is undisputed that McMillan was the sole member of GOE and that the accident occurred in the conduct of GOE's business. Applying the definition contained in "Section II - Who Is An Insured" to the language utilized in the employer liability exclusion of Coverage A, Western World's insurance does not apply to the bodily injury to an employee of the insured, i.e., "you," or GOE, the named limited liability company including McMillan, GOE's member with respect to the conduct of GOE's business arising out of and in the course of the performance of duties related to the conduct of GOE's business. Thus, under the allegations of the petition and the provisions of the Western World policy, coverage is excluded insofar as any determination that Prejean was an employee of McMillan on October 11, 2012.
Similarly, we conclude that if, after the presentation of evidence offered by GOE and McMillan, the trier of fact determined that Prejean is an independent contractor, there is no coverage for his claims under the Independent Contractors Exclusion endorsement. Likewise, if, after review of the evidence, the trier of fact concluded that Prejean is a temporary worker, Prejean's claims would be met with the Temporary Worker Bodily Injury exclusion set forth in the Standard Provisions *582 Endorsement of the Western World Policy. We also note that while Prejean does not assert he was a contractor, a subcontractor, or the worker of a contractor or subcontractor of GOE, McMillan, or any other insured under the policy, to the extent that a trier of fact would conclude that at the time of the accident Prejean was a contractor, a subcontractor, or one of their workers (separate and apart from an independent contractor of GOE or McMillan), the endorsement setting forth the Injury to Contractors or Subcontractors and Their Workers exclusion would preclude coverage for Prejean's claims under the Western World policy.
Therefore, based on the evidence submitted at the summary judgment hearing, we conclude that at the trial of Prejean's claims, any category of hired person that a trier of fact determined Prejean was while he was injured when working for or on behalf of GOE or McMillan, individually, results in a lack of coverage under the Western World commercial lines policy. Because "hired person" is not a separate and distinct category of those working for or on behalf of any insured such that Prejean can assert coverage, and since the policy does not provide coverage for Prejean as an employee, independent contractor, temporary worker, contractor, a subcontractor, or the worker of a contractor or subcontractor of GOE, McMillan, or any other insured under the policy, the trial court correctly granted summary judgment and dismissed Western World from this litigation.
DECREE
For these reasons, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiff-appellant, Ronnie James Prejean.
AFFIRMED.

In his petition and supplemental petition, Prejean averred he was high in a "massive water oak" cutting limbs. He had a lanyard tied around the base of one of the main branches on one end and he was tied to the tree's trunk on the other. Additionally, a bull rope was secured around the branch that Prejean was in the process of cutting and the other end was held by McMillan, who was situated on the ground at the base of the tree. McMillan was supposed to hold the rope taut such that the cut branch would remain suspended until safely lowered to the ground. According to the allegations, due to the sun or sawdust in his eyes, McMillan dropped his end of the bull rope and then grabbed it again as the branch was descending, causing the cut branch to fall quickly and splitting the main branch to which Prejean was tied. Prejean was yanked in a violent downward motion, resulting in injury to his left foot.

Western World filed an earlier motion for summary judgment, which was denied by the trial court, and this court subsequently denied writs. See Prejean v. McMillan, 2014-1805 (La. App. 1st Cir. 4/20/15) (unpublished writ action).

Although the grant of summary judgment was rendered by Judge Dupont, we find that Judge Janice Clark's signing of the judgment in conformity with Judge Dupont's ruling was within the ambit of the Louisiana Supreme Court's November 14, 2017 order assigning Judge Dupont to sit pro tempore for Judge Clark. See and cf. Donahue v. Donahue, 2016-1853 (La. 11/18/16), 206 So.3d 858, 858-59 (per curiam) (under the plain language of La. R.S. 13:4209B(2), addressing decisions by successor judges, "[i]f a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment," and any other result is contrary to the statutory intent as well as the interests of judicial economy).

A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. C.C.P. art. 2083C. When the motion for appeal refers to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as having been taken from the judgment on the merits. Byrd v. Pulmonary Care Specialists, Inc., 2016-0485 (La. App. 1st Cir. 12/22/16), 209 So.3d 192, 195. Although Prejean appealed the denial of his motion for new trial, because he referenced the November 6, 2017 judgment granting his motion for summary judgment and dismissing his claims against Western World, and on appeal he briefed only issues relative to November 6, 2017 judgment, the circumstances indicate he actually intended to appeal the grant of motion for summary judgment. Therefore, the appeal is properly before us.

A volunteer worker is defined as a person who is not an employee of an insured who donates his or her work and acts at the direction of and within the scope of duties determined by an insured, and is not paid a fee, salary, or other compensation. It is undisputed that Prejean was not a volunteer worker at the time of his injury and, therefore, we pretermit a discussion of the coverage available to a volunteer worker under the provisions of the Western World policy.

We note that other categories of hired person exist within the Western World policy. For example, a leased worker means a person leased to the insured by a labor leasing firm to perform duties related to the conduct of the insured's business. And an executive officer is a person who holds any officer position created by the insured's business organization documents. It is, however, undisputed that Prejean did not fall within the definition of any other category of hired person.