STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0584

BRIAN SAVOIE, KENDRICK SAVOIE & KEVIN SAVOIE, INDIVIDUALLY
AND ON BEHALF OF THE DECEDENT, WILLIE SAVOIE

VERSUS

ANCO INSULATIONS, INC.; THE MCCARTHY CORPORATION; UNION
CARBIDE CORPORATION; REILLY-BENTON COMPANY, INC.; TAYLOR-
SEIDENBACH, INC.; GEORGIA-PACIFIC, LLC; ENTERGY GULF STATES
OF LOUISIANA, LLC; EXXON MOBIL CORPORATION; HONEYWELL
INTERNATIONAL, INC.; SHELL CHEMICAL, L.P.; SHELL OIL COMPANY;
THE DOW CHEMICAL COMPANY; THE TEXAS COMPANY

**Judgment Rendered: APR 0 9 2021**

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C645843

Honorable Robert D. Downing, Presiding

* * * * * *

Benjamin D. Rumph                     Counsel for Plaintiffs/Appellants
J. Burton LeBlanc, IV                 Brian Savoie, et al
David R. Cannella
Christopher C. Colley
Jeremiah S. Boling
Kristopher L. Thompson
Baton Rouge, LA


Lawrence G. Pugh                      Counsel for Defendant/Appellee
Jacqueline A. Romero                  Arrowood Indemnity Co.
Donna M. Young
Shelley L. Thompson
G. Benjamin Ward
New Orleans, LA

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

Plaintiffs, Brian Savoie, Kendrick Savoie, and Kevin Savoie, individually and on behalf of their decedent father, Willie Savoie, appeal from a judgment of the trial court granting summary judgment in favor of defendant, Arrowood Indemnity Company, and dismissing all claims against it with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Willie Savoie worked for Stone & Webster Engineering Corporation (Stone & Webster) from 1967-1978. Savoie was subsequently diagnosed with asbestos-related lung cancer and thereafter died as a consequence of this disease on February 11, 2015. On February 10, 2016, his surviving children filed a petition for damages against multiple manufacturers/suppliers of asbestos containing products and several premises defendants, alleging Savoie worked with and/or was exposed, on numerous occasions, to asbestos and/or asbestos containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by defendants and in doing so, inhaled great quantities of asbestos fibers, which resulted in physical and mental injury.

Plaintiffs thereafter amended their petition to add Arrowood Indemnity Company (Arrowood) as a defendant as the insurer of Stone & Webster and its executive officers. Arrowood, as successor to Royal Indemnity Insurance Company, issued a comprehensive general liability insurance policy to Stone & Webster and its executive officers that provided coverage from January 1, 1965 to January 1, 1968. This policy was extended for two successive annual policy periods. Arrowood issued a subsequent policy on January 1, 1970, which was cancelled effective June 2, 1971.

On October 28, 2019, Arrowood filed a motion for summary judgment based upon its assertion that Arrowood's commercial general liability policies issued to

2

Stone & Webster contained employee exclusions that preclude coverage to Stone & Webster for plaintiffs' claims. Arrowood also claimed the policies do not extend additional insured coverage to Stone & Webster executive officers for injury, sickness, disease, or death of a co-employee such as Savoie.

At the hearing on Arrowood's motion, the parties conceded that the "employee exclusion" precluded coverage for the named insured, Stone & Webster; therefore, the only contested issue before the trial court on the motion for summary judgment was the applicability of the "co-employee exclusion" with regard to claims against the executive officers. Following the hearing, the trial court signed a judgment on February 7, 2020, granting summary judgment in favor of Arrowood and dismissing all claims against Arrowood with prejudice. Plaintiffs now appeal from the trial court's judgment.

## DISCUSSION

A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Prejean v. McMillan, 18-0919, p. 3 (La. App. 1st Cir. 2/28/19), 274 So. 3d 575, 578.

An insurer seeking to avoid coverage through summary judgment must prove that some exclusion applies to preclude coverage. Sensebe v. Canal Indemnity Co., 09-1325, p. 4 (La. App. 1st Cir. 3/24/10), 35 So. 3d 1122, 1125, aff'd, 10-0703 (La. 1/28/11), 58 So. 3d 441. An insurance policy, as a contract between the parties, should be construed using the general rules of contract interpretation. If the words of the policy are clear and explicit and lead to no absurd consequences, no further

3

interpretation may be made in search of the parties' intent, and the agreement must be enforced as written. La. C.C. art. 2046; Fouquet v. Daiquiris & Creams of Mandeville, LLC, 10-0233, p. 4 (La. App. 1st Cir. 9/13/10), 49 So. 3d 44, 47.

Moreover, an insurer has the burden of proving that a loss falls within a policy exclusion. Additionally, in determining whether an exclusion applies to preclude coverage, courts are guided by the well-recognized rule that an exclusionary clause in an insurance policy must be strictly construed. Nonetheless, an insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Fouquet, 10-0233 at pp. 4-5, 49 So. 3d at 47-48 (citing Sensebe, 09-1325 at p. 6, 35 So. 3d at 1125-26).

Arrowood's Commercial General Liability Policy RTG075085, which provided coverage from January 1, 1965 to January 1, 1970 provides:

> I. Coverage A-Personal Injury Liability
> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of personal injury, sickness or disease, including death at any time resulting therefrom, sustained by any person.
> * * *
> III. Definition of Insured
> The unqualified word "insured" includes the named insured and also includes executive officers, directors, stockholders, and employees of the Named Insureds while acting within the scope of his or her duties as such, provided that:
> * * *
> (2) The insurance afforded under this policy (see endorsement) does not apply to any employee with respect to injury to or sickness, disease or death of another employee of the same employer in the course of such employment.

Arrowood Policy RTG075020, which provided coverage from January 1, 1970 to June 2, 1971, provides:

> I. INSURING AGREEMENTS
> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

4

Coverage A – personal injury sustained by any person, caused by an occurrence....

* * *

III. DEFINITION OF INSURED

The unqualified word "insured" means and includes:

(a) each Named Insured;

(b) any executive officer, director, stockholder or employee (including a nurse or other employee rendering medical treatment) of a Named Insured while acting within the scope of his, her, or its duties as such, as well as any officer, director or employee of a stockholder of a Named Insured while acting with respect to the affairs of such Named Insured, provided that the insurance afforded by this policy does not apply:

* * *

(ii) to any employee with respect to bodily injury (including sickness, disease or death) to another employee of the same employer sustained in the course of such employment unless such employer has agreed as a term of employment to provide such insurance to the employee or unless such injury is covered by coverage C....

According to the plain language of the foregoing policies, "insured" is defined to include executive officers when they are acting within their capacity as such. However, the definition further provides that coverage is not provided to any employee with respect to any bodily injury, sickness, disease, or death to another employee of the same employer in the course of such employment. Plaintiffs assert that because executive officers and employees are listed separately in one subsection defining who is insured under the policy that the reference to "employee" in the co-employee exclusions only applies to "employees" and not to executive officers. We find this argument to be without merit.

As this court has previously recognized in the context of co-employee exclusions, executive officers work for and are paid by the employer, and as such, are employees of the corporation for purposes of such exclusions from coverage. See Knighten v. Daniell Battery Manufacturing Company, Inc., 96-0733 (La. App. 1st Cir. 12/20/96), 688 So. 2d 1197, 1200, writ denied, 97-0997 (La. 6/13/97), 695 So. 2d 988. Furthermore, we do not find that the designation of executive officers as separate from employees in the definition of insured under the policies renders the policies ambiguous. The fact that executive officers are among those defined as

5

"insureds" and also considered as "employees" of the named insured employer in the co-employee exclusion does not in and of itself render the policy ambiguous. See Richard v. Hebert's Creamery, Inc., 415 So. 2d 668, 670 (La. App. 3rd Cir. 1982). Furthermore, contrary to plaintiffs' argument on appeal, we find that the instant matter is distinguishable from Credeur v. Luke, 368 So. 2d 1030, 1031-32 (La. 1979) and McGuire v. Smith, 370 So. 2d 895, 898 (La. App. 1st Cir. 1979), wherein the president and executive officer defendants were listed as *named insureds* under the policy. In the instant matter, the executive officers were not listed as named insured, and therefore, the ambiguity present in Credeur and McGuire is not present in the instant matter.

Accordingly, because we find that the plain language of the policies at issue exclude coverage for the executive officer defendants pursuant to the co-employee exclusions, we find that Arrowood is entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiffs, Brian Savoie, Kendrick Savoie, and Kevin Savoie, individually and on behalf of their decedent father, Willie Savoie.

**AFFIRMED.**

6