# United States Court of Appeals for the Fifth Circuit

No. 21-30310
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

Funky 544, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Houston Specialty Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court for
the Eastern District of Louisiana
USDC No. 2:20-CV-944

Before Southwick, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:*

Funky 544, L.L.C. appeals the district court's determination that its insurer, Houston Specialty Insurance Company, did not have a duty to defend it against litigation arising out of a stabbing at its bar. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30310

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2014, Shakeva Soniat and Serena Tribbit were having drinks at a bar on Bourbon Street in New Orleans called Funky 544. Ronesha Kelly, who at age 19 was too young to be served alcohol, had been drinking there. She began arguing with the two women, then stabbed them both.

In January 2015, Soniat and Tribbit sued Funky 544 in state district court for Orleans Parish, Louisiana, claiming that their injuries resulted from Funky 544's negligence. The bar owner had a commercial general liability insurance policy with Houston Specialty Insurance Company. In July 2015, five months after Funky 544 notified it of the suit, Houston Specialty declined coverage.

Neither Funky 544 nor Houston Specialty ever filed a response to the state court suit. In September 2015, the state court entered a preliminary default against Funky 544. In January 2016, it heard the motion by the plaintiffs in that suit to confirm the default. In February 2016, the state court awarded the two plaintiffs almost $580,000 for pain and suffering and almost $55,000 for medical expenses.

In March 2020, Funky 544 sued Houston Specialty in the United States District Court for the Eastern District of Louisiana, claiming a breach of the insurer's contractual and statutory duties. Houston Specialty moved for summary judgment on those claims, arguing an exclusion in the policy applied to Soniat and Tribbit's claims. This exclusion applies to injuries caused by the use of firearms or other weapons:

> The following is added to the Exclusion Section of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM and the LIQUOR LIABILITY COVERAGE FORM:
>
> This insurance does not apply to, "bodily injury," "property damage," "personal and advertising injury," "injury" or medical expense arising out of firearms or weapons or out of any act or omission in connection with the prevention or suppression

of firearms or weapons, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person or failure to render aid and/or notify emergency personnel.

The policy defines "weapons" as "instruments of an offensive or defensive nature and include but are not limited to batons, bow or crossbow, arrows, knives, mace, stun guns, tasers, or swords."

The district court concluded that this exclusion applies and granted summary judgment. Funky 544 timely appealed.

## DISCUSSION

We review a district court's grant of a summary judgment *de novo*. *Federal Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 194 (5th Cir. 2017). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The district court's interpretation of an insurance contract and its exclusions is a question of law and is subject to de novo review." *Delta Seaboard Well Serv's, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 342–43 (5th Cir. 2010). Because our jurisdiction is based on diversity of citizenship, we apply Louisiana's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

In Louisiana, an insurer must provide a defense "whenever the pleadings against the insured disclose a possibility of liability under the policy." *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987). Insurance policies are interpreted according to their "plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). It is only

No. 21-30310

where a policy is interpreted "unambiguously [to] exclude[] coverage" that an insurer does not have a duty to defend. *Meloy*, 504 So. 2d at 838.

Houston Specialty argues it did not have a duty to defend Funky 544 because the weapons exclusion in the policy unambiguously covers all of Soniat and Tribbit's negligence claims. While Funky 544 acknowledges that the exclusion may cover some negligence claims, it argues that the plain language does not reach each of their negligence claims. Therefore, Houston Specialty allegedly still had a duty to defend.

The district court described the claims of negligence in state court as Funky 544's failure to require patron identifications and, more generally, its failure to prevent underage drinking. Even so, an element of each of Soniat and Tribbit's claims is that Funky 544's negligence caused them to be injured by a knife. An exclusion covering "bodily injury arising out of [] assault and battery" applies unless the injuries are "separate and distinct" from the physical altercation. *Guste v. Lirette*, 251 So. 3d 1126, 1133 (La. Ct. App. 2018). The term in this exclusion of "arising out of" the use of weapons unambiguously provides that for coverage, an injury must be entirely separate from those relating to the use of weapons.

One helpful state court opinion involved a suit against a Louisiana bar and its insurer after the plaintiff was stabbed by another patron. *Foquet v. Daiquiris & Creams of Mandeville, L.L.C.*, 49 So. 3d 44, 45–46 (La. Ct. App. 2010). Judgment for the insurer was affirmed based on an exclusion in the policy for "'bodily injury,' . . . arising out of or resulting from" the use of a weapon. *Id.* at 47–49. Because the only injuries were related to the stabbing, the claims were based on plainly excluded conduct. *Id.* at 48–49.

Here, every negligence claim in the state court suit derived from the stabbing. The policy's weapons exclusion therefore applies. AFFIRMED.